IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STATE OF OREGON**, <br><br> Plaintiff, <br><br> v. <br><br> **RONALD K. STRASSER, JR.**, <br><br> Defendant. | Case No. 3:20-cv-01742-SI <br><br> **OPINION AND ORDER OF SUMMARY REMAND** <br><br> Multnomah County Circuit Court Case No. 20CN01610 |

**Michael H. Simon, District Judge.**

      On October 9, 2020, Ronald K. Strasser, Jr. commenced this federal court action by filing a document that he titled "Second Renewed Emergency Notice of Removal and Demand for Injunction/TRO and Collateral Attack Demanding Proof for Jurisdiction." ECF 1. Mr. Strasser describes that an "Information" was filed against him in 2018 in Multnomah County Circuit Court in Case No. 20CN01610. He explains that a trial is scheduled to begin in this state criminal case on Thursday, October 15, 2020. He does not attach any exhibits to his purported removal. Mr. Strasser moves this Court for a temporary restraining order to enjoin the State court from proceeding with the criminal trial beginning on October 15, 2020.

PAGE 1 – OPINION AND ORDER OF SUMMARY REMAND

Because Mr. Strasser did not provide any exhibits relating to his referenced State court case and his description is somewhat ambiguous, the Court takes judicial notice of the Multnomah County Circuit Court docket in Case No. 20CN01610. *See, e.g.*, *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) (noting the in the context of a motion to suppress that "[a] court may take judicial notice of undisputed matters of public record, which may include court records available through PACER" (citing Fed. R. Evid. 201(b)).

The State court docket shows that on April 16, 2020, Mr. Strasser was charged with punitive contempt of court under Oregon Revised Statutes § 33.065. On April 17, 2020, he was arraigned, pleaded not guilty, and released on his own recognizance. The court appointed counsel to represent Mr. Strasser, counsel moved to withdraw and was removed, and the court appointed new counsel to represent Mr. Strasser. It appears that Mr. Strasser remains represented by his new counsel in State court.

Mr. Strasser's removal and motion for temporary restraining order are primarily based on assertions that the State of Oregon is not a valid entity, that no State official has proven they are validly in office or have authority over Mr. Strasser, that no injured party has been alleged because the State of Oregon cannot be harmed, and that the alleged crime of contempt is actually civil in nature and not criminal in nature. Mr. Strasser also makes demands of the undersigned federal judge, including providing proof of being properly in office, providing an anti-bribery statement, providing an oath of office, providing a foreign agent registration, and providing the "complete chain with documents connecting [the undersigned] to the Organic Document from which you claim authority." For the reasons that follow, the Court orders summary remand of this action to the Multnomah County Circuit Court, pursuant to 28 U.S.C. § 1455(b)(4).

Federal courts have limited subject-matter jurisdiction, and the burden of establishing jurisdiction rests on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Jurisdiction over the removal of state actions is limited and strictly construed. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction."). Further, there is no right of removal; it is a privilege granted by Congress under limited circumstances. *Maurietta v. State of Ariz.*, 395 F.2d 210, 211 (9th Cir. 1968).

Federal law allows a defendant in a state court civil lawsuit to remove that civil action to federal court under certain circumstances. Federal law also allows a defendant in a state court criminal prosecution to remove that matter to federal court under certain circumstances. The circumstances that permit removal, however, differ for removing a civil action, or lawsuit, and for removing a criminal prosecution. So do the respective removal procedures.

The grounds for removing civil actions are set forth in 28 U.S.C. § 1441. These grounds allow for the removal, under certain conditions, when a federal court would otherwise have original jurisdiction over that civil action based on the presence of a federal question, *see* 28 U.S.C. § 1331, or based on diversity of citizenship. *See* 28 U.S.C. § 1332. The procedures for removing a civil action are stated in 28 U.S.C. § 1446. Because Mr. Strasser is seeking to remove a state criminal prosecution, the grounds for removal of civil actions stated in § 1441 and the procedures for removal of civil actions stated in § 1446 do not apply in this case.

The grounds for removing a criminal prosecution from state court to federal court are even more limited than the grounds for removing a civil action. When federal officers or agencies are prosecuted in state court based on official actions, 28 U.S.C. § 1442 may provide grounds for removal. Similarly, when members of the United States armed forces are prosecuted

PAGE 3 – OPINION AND ORDER OF SUMMARY REMAND

in state court based on official actions, 28 U.S.C. § 1442a may provide grounds for removal. (These statutes also provide grounds for removal of similar civil actions.) Because Mr. Strasser is neither a federal officer nor a member of the United States armed forces being prosecuted for an official act, he may not remove his state prosecution under either § 1442 or § 1442a.

Some state criminal prosecutions also may be removed if they implicate violations of a defendant's "civil rights," which has been narrowly limited by the Supreme Court to apply only to allegations of racial discrimination. Titled "Civil rights cases," 28 U.S.C. § 1443, provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

For removal under § 1443(1), a removing petitioner must satisfy a two-part test. First, the petitioner must assert rights granted by an explicit statutory enactment that protects equal *racial* civil rights; second, the petitioner must assert that the state court will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command state courts to ignore federal rights. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Even allegations of a denial of due process, assertions of a violation of constitutional or statutory provisions of general applicability or statutes not protecting racial discrimination, or claims that a criminal prosecution is a sham, corrupt, or without evidentiary basis do not meet the

PAGE 4 – OPINION AND ORDER OF SUMMARY REMAND

first part of this test. *Johnson*, 421 U.S. at 219. Under § 1443(1), the vindication of a defendant's federal rights is "left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Removal under § 1443(2) is available only for federal officers and persons assisting such officers who are prosecuted in state court based on the performance of official duties. *Peacock*, 384 U.S. at 815. Because Mr. Strasser has not shown either prong of the two-part test under § 1443(1) and does not claim to be a federal officer or a person prosecuted for assisting a federal officer under § 1443(2), he may not remove his state prosecution under § 1443. Further, there are no other bases of removal of a state criminal prosecution.

Mr. Strasser's conclusory assertion that his criminal prosecution is actually a civil case is an improper legal conclusion. It also inaccurate under Oregon law. It appears that Mr. Strasser is alluding to the fact that he is charged with contempt, believing that contempt is a civil matter. Under Oregon law, however, contempt may be brought with punitive sanctions (in the nature of criminal contempt). *See, e.g.*, Or. Rev. Stat. § 33.045 (describing the option of punitive contempt, for which the punishment continues even after the contemptuous behavior ends, as compared to remedial contempt, a different type of contempt). When punitive contempt is pursued, it is charged, prosecuted, and punished the same as other crimes, and the defendant thus is entitled to similar constitutional and statutory protections as other criminal defendants, with the exception of a right to a jury trial. *See* Or. Rev. Stat §§ 33.065 (describing how punitive contempt is charged and prosecuted and the protections required for defendants); 33.105 (describing the authorized sanctions for punitive contempt).

The procedures to be followed when a defendant has removed a criminal prosecution from state court to federal court are set forth in 28 U.S.C. § 1455. Section 1455(b)(4) directs the district court that receives the removal petition as follows:

> The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1455(b)(4). As directed by Congress, this Court promptly examined the notice of removal filed by Mr. Strasser.

It is the holding of this Court that it clearly appears on the face of the notice that removal should not be permitted. Accordingly, the Court orders summary remand of this action and directs the Clerk of the Court promptly to return this case to the Multnomah County Circuit Court for the State of Oregon. Mr. Strasser's motion for Temporary Restraining Order is DENIED.

**IT IS SO ORDERED.**

DATED this 9th day of October, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge